**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

| | | |
|---|---|---|
| **MARCUS ALLEN,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:16-05570** |
| | ) | **Criminal Action No. 3:09-00136** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) The United States' Motion to Dismiss and Motion to Suspend Briefing Schedule (Document No. 94), filed on August 16, 2016; and (2) Movant's "Motion to Voluntarily Dismiss § 2255 Motion" (Document No. 102), filed on March 28, 2017. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 86.)

**FACTUAL BACKGROUND**

**1.      Criminal Action No. 3:09-00136:**

On November 30, 2009, Movant pled guilty to one count of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two). (Criminal Action No. 3:09-00136, Document Nos. 53 – 56.) On March 1, 2010, the District Court sentenced Movant to a term of 262 months of imprisonment to be followed by a five-year term of supervised release. (Id., Document Nos. 63 and 64.) The District Court further imposed a special assessment of $100. (Id.) On September 2, 2010, the United States filed a Motion to Reduce Sentence. (Id., Document No. 66.) By Amended Judgment entered on September 15, 2010, the

District Court reduced Movant's term of imprisonment to 175 months. (Id., Document No. 71.) Movant did not file an appeal with the Fourth Circuit Court of Appeals.

**2.      Section 3582 Motions:**

On September 30, 2014 and March 13, 2015, Movant filed letter-form Motions for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2). (Id., Document No. 78 and 80.) By Order entered on October 14, 2015, the District Court denied Movant's Motions. (Id., Document No. 82.)

**3.      Section 2255 Motion:**

On June 20, 2016, Movant, by court-appointed counsel, Michael Frazier, filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Civil Action, 3:16-05570, Document No. 85.) In support of his Motion, Movant alleged that he is entitled to relief based upon the United States Supreme Court's decisions in Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) and Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) On July 18, 2016, Movant filed his "Supplemental Brief in Support." (Id., Document No. 89.) Specifically, Movant argued that Johnson applies to the United States Sentencing Guidelines ["U.S.S.G."] and the "residual clause" in U.S.S.G. § 4B1.2(a)(2) is void for vagueness. (Id.) Movant, therefore, concluded that he was improperly classified as a career-offender because his prior convictions for Second Degree Murder and Armed Robbery no longer constitute "crimes of violence."[1] (Id.)

On August 1, 2016, the United States filed its Motion to Withdraw Referral to Magistrate

---

[1] On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment. *Beckles v. United States*, ___ U.S. __, 137 S.Ct. 886 (2017).

Judge and To Stay Case Pending Supreme Court Ruling. (Id., Document No. 90.) On August 16, 2016, the United States filed a Motion to Withdraw Referral to Magistrate Judge, to Dismiss, and to Suspend Briefing Scheduling. (Id., Document No. 94.) The United States requested that the case be stayed pending the United States Supreme Court's decision in Beckles v. United States, ___ U.S. ___, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016), which involved the issue of whether Johnson should be extended and applied retroactively to the residual clause of U.S.S.G. § 4B1.2(a)(2). (Id.) The United States further requested that "should this Court not grant the requested stay, then defendant's motion should be dismissed as untimely." (Id.) The United States further argued that Movant's Section 2255 Motion should be dismissed based upon the appellate waiver contained in the Plea Agreement. (Id.) On August 16, 2016, Movant filed a Response in Opposition arguing that he would be prejudiced by a stay because he could be released immediately if the Court ruled in his favor. (Id., Document No. 96.)

By Order entered on September 22, 2016, the District Court denied the United States' Motion to Withdraw Referral to Magistrate Judge and to Stay Case Pending Supreme Court Ruling (Document No. 90) and denied in part the United States' Motion to Withdraw Referral to Magistrate Judge, to Dismiss, and to Suspend Briefing Scheduling (Document No. 94). (Id., Document No. 99.) To the extent the United States requested withdrawal of the Magistrate Judge referral, the District Court denied the United States' Motion to Withdraw Referral to Magistrate Judge, to Dismiss, and to Suspend Briefing Scheduling. (Id.) To the extent the United States requested dismissal and the suspension of the briefing schedule, the District Court referred the United States' Motion to Withdraw Referral to Magistrate Judge, to Dismiss, and to Suspend Briefing Scheduling back to the undersigned. (Id.)

On September 22, 2016, the United States filed its Response in Opposition to Movant's Section 2255 Motion. (<u>Id.</u>, Document No. 100.) Specifically, the United States argued as follows: (1) "Defendant's claims were not timely filed" (<u>Id.</u>, pp. 9 – 16.); (2) "Defendant knowingly and voluntarily waived collateral attack of his sentence" (<u>Id.</u>, p. 16.); (3) "Defendant procedurally defaulted his claims and has not demonstrated good cause to excuse his default" (<u>Id.</u>, pp. 16 – 18.); (4) "<u>Johnson</u> does not apply on collateral review of Guidelines" (<u>Id.</u>, pp. 18 – 24.); and (5) "Defendant's Michigan crimes are crimes of violence" (<u>Id.</u>, pp. 24 – 34.) Movant filed his Reply on September 26, 2016. (<u>Id.</u>, Document No. 101.)

On March 28, 2017, Movant, by counsel, filed a "Motion to Voluntarily Dismiss § 2255 Motion." (<u>Id.</u>, Document No. 102.) Counsel requests that Movant's Section 2255 Motion be dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure." (<u>Id.</u>) Counsel further states that "Allen has been informed of our intention to file this motion, and has provided consent to do so." (<u>Id.</u>)

<u>**ANALYSIS**</u>

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a Movant may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that

the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

In consideration of the above factors, the undersigned finds that Movant's Motion for Voluntary Dismissal should be granted. Although the United States has filed a Response to Movant's Section 2255 Motion, the undersigned finds that the United States would not be substantially prejudiced by the voluntary dismissal of Movant's Section 2255 Motion. The United States has merely been subjected to the effort of preparing its Motions to Withdraw Referral to Magistrate Judge, to Dismiss, and Stay Proceedings (Document Nos. 90 and 94) and Response in Opposition (Document No. 100). Furthermore, the United States has not filed a response in opposition the voluntary dismissal of Movant's Section 2255 Motion. At the present stage of the litigation, the undersigned therefore finds that the United States would not be substantially prejudiced by the voluntary dismissal of Movant's Section 2255 Motion. Accordingly, the undersigned respectfully recommends that Movant's Motion requesting voluntary dismissal of this

action be granted.

## PROPOSED FINDINGS AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Movant's "Motion to Voluntarily Dismiss § 2255 Motion" (Document No. 102), **DENY as moot** the United States' Motion to Dismiss and Suspend Briefing Schedule (Document No. 94), **DISMISS** Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Document No. 85), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States Chief District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: April 13, 2017.

Omar J. Aboulhosn
United States Magistrate Judge